UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN ARIDO-SORRO,

Petitioner,

v.

JULIO HERNANDEZ, Seattle Field Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement (ICE), et al.,

Respondents.

CASE NO. 2:26-cv-03203-TL

ORDER ON MOTION FOR TRO

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO"). Dkt. No. 2. Having considered the Motion for TRO, Respondents' Response (Dkt. No. 10), and the relevant record, the Court DENIES the motion for the reasons given in Respondent's Response.[1]

[1] The Court appreciates Respondents' prompt Response to the Motion for TRO, filed just 28 hours after the Motion for TRO was filed (and automatically served), but reminds them that under Local Civil Rule 65(b)(5), "the adverse party *must* . . . file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion[.]" Respondents did not file the notice as required. Any future such failure may be considered a waiver of Respondents' opportunity to be heard on a motion for TRO.

Petitioner Marvin Arido-Sorro filed the Motion for TRO concurrently with his Petition for Writ of Habeas Corpus (Dkt. No. 1) on September 8, 2026. Petitioner, who was detained at the Northwest ICE Processing Center (NWIPC) at the time of these filings, represents that ICE officers had informed him that same day "that he was going to be removed." Dkt. No. 2 at 3. Petitioner seeks an order enjoining his removal from the United States or NWIPC "at least until the court can adjudicate his pending habeas corpus petition." Dkt. No. 2 at 1–2.

Shortly after the Motion for TRO was filed, the Court entered this District's standard scheduling order for immigration habeas cases. Dkt. No. 4. The Scheduling Order requires Respondents to provide Petitioner, Petitioner's Counsel, and the Court with "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States. *Id.* ¶ 3; *see also* Dkt. No. 7 (Minute Order) (clarifying that the 48-/72-hour requirement extends to notice provided to the Court). As Respondents point out, one purpose of the General Order establishing this briefing schedule was to "reduce the contemporaneous filing of motions for temporary restraining orders" along with habeas petitions. Dkt. No. 10 at 1 (quoting W.D. Wash. General Order No. 08-26 ¶ 5).

When Petitioner filed his motion for TRO, he provided facts suggesting that he was at imminent risk of transfer outside the District. The motion was therefore appropriate at that time. However, the entry of the Scheduling Order has mooted the risk of imminent transfer for the present. This Court and others in this District typically consider that the 48- (or 72-) hour notice period obviates the need for preliminary injunctive relief preventing a detained noncitizen's transfer or removal from the District unless and until Respondents provide the petitioner and the Court with notice of imminent removal. As long as any threat of transfer of removal is not truly imminent, it is not a good use of the Court's limited resource to assess the likelihood of success

of a Petition that is not yet fully briefed or the other factors the Court must weigh before issuing preliminary injunctive relief factors.

Rarely, the Court has granted an injunction like the one petitioner requests. *See, e.g.*, Amended Order on Motion for Temporary Restraining Order at 2, No. C26-2420 *Sabillon Muñoz v. Scott* (W.D. Wash., Aug. 27, 2026), Dkt. No. 23 (enjoining petitioner's transfer from the District for the duration of proceedings where the government had already violated the scheduling order's notice requirement and "the Court's previous confidence that the scheduling order provides him with sufficient protection has evaporated"). In this case, however, there is no indication that Respondents have violated the Scheduling Order or any other order of the Court, and they represent through counsel that "U.S. Immigration and Customs Enforcement ("ICE") is aware of the Court's notice requirement and will comply with the order." Dkt. No. 10 at 2. At this time, Petitioner has provided no other reason for the Court to deviate from its standard practice, and the Court does not find good cause to do so.

The Court did not consider Petitioner's reply brief (Dkt. No. 11). Replies in support of motions for TROs are prohibited by Local Civil Rule 65(b)(5) and Petitioner neither sought nor was granted an exception to this rule. The reply and its supporting materials will therefore be stricken. To the extent that these filings seeks different relief than the original Motion for TRO or provide information that should be before the Court, Petitioner may file a new motion or notice as appropriate.

//

//

//

//

//

Accordingly, it is hereby ORDERED:

(1) Petitioner's Motion for TRO (Dkt. No. 2) is DENIED AS MOOT.

(2) Respondents' Request to Strike Unauthorized Reply (Dkt. No. 15) is GRANTED. The Clerk of Court is DIRECTED TO STRIKE from the record the filings at Docket Numbers 11, 12, and 13.

Dated this 11th day of September, 2026.

Tana Lin
United States District Judge